RECEIVED
CHARLOTTE, N.C.
FEB 22 2006
Clerk, U.S. Dist. Court
W. Dist. of N.C.

FILED
ASHEVILLE, N. C.
MAR 17 2006
U.S. DISTRICT COURT
W. DIST. OF N. C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 5:05CR207-T

UNITED STATES OF AMERICA, )
)
Plaintiff, )
v. )  **CONSENT ORDER AND**
) **JUDGMENT OF FORFEITURE**
(1) MAURICE E. BETHEA, )
)
Defendant. )
_____ )

BASED UPON the terms of the plea agreement between the United States of America and defendant, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28 U.S.C. §2461(c):

   **the sum of $20,000 paid by defendant to the Ferguson Stein law firm;**

   **the sum of $47,500 wired to the First Piedmont Federal Savings and Loan account of Samuel Bethea;**

   **the sum of $7,400 wired to the Southtrust and First Union accounts of Marty Bethea; and,**

   **a monetary judgment in the amount of $3,297,597, which sum represents proceeds obtained, directly or indirectly, from violation(s) charged in the indictment;**

2. The United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property;

3. A forfeiture money judgment in the amount of $3,297,597 shall be included in the sentence of the defendant, and the United States Department of Justice may take steps to collect the judgment from any property of the defendant, in accordance with the substitute asset provisions of 21 U.S.C. § 853(p);

4. Upon the seizure of any property to satisfy all or part of the judgment, the United States shall, to the extent practicable, provide direct written notice to any persons known to have

DOCUMENT SCANNED

alleged an interest in the seized property, and shall publish notice of this forfeiture as required by law;

5. Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

6. Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28 U.S.C. §2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant.

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY

_____
MATTHEW T. MARTENS
Assistant United States Attorney


_____
MAURICE E. BETHEA
Defendant

_____
W. TERRY SHERRILL
Attorney for Defendant


Signed this the 3rd day of March, 2006.

_____
UNITED STATES District JUDGE

2